Ernest **ELIZONDO**, Appellant,

v.

**CITY OF SAN ANTONIO**, Appellee.

No. 04–98–00011–CV.

Court of Appeals of Texas,
San Antonio.

April 22, 1998.

Barbara Woodward, Law Office of Barbara Woodward, San Antonio, for Appellant.

William W. Morris, Mark Kosanovich, Paula Dlugosz, Asst. City, Atty., San Antonio, Mayo J. Galindo, San Antonio, for Appellee.

Before LÓPEZ, STONE and GREEN, JJ.

## OPINION

LÓPEZ, Justice.

This appeal of a whistleblower suit has a tortured procedural history. The trial court entered a take-nothing judgment as to two defendants, denied a motion for new trial and severed the judgment, and thereafter granted a plea in abatement as to later-named defendants. In addition, the court ordered sanctions against appellant and his attorney for adding the later-named defendants in bad faith. On appeal, appellees have filed two motions to dismiss the appeal. Appellant has not responded to either motion. For the reasons stated below, we grant the City of San Antonio's motion to dismiss for failure to timely file an appellate brief and timely prosecute this appeal.

### Procedural History

In 1995, appellant, Ernest Elizondo, filed a whistleblower suit against appellee, the City of San Antonio, alleging retaliation after he reported pay abuse to the police department. On May 1, 1997, James O. Self intervened in this cause and aligned himself with the City. On June 30, 1997, the City and Self filed a joint motion for summary judgment. On July 22, 1997, the trial court granted the City's and Self's joint motion for summary judgment and ordered that appellant take

nothing in his claims against the City and Self.

Five days prior to the hearing and entry of the summary judgment, however, appellant filed [1] a response to the motion for summary judgment and an amended petition in which he named as additional party defendants San Antonio Police Chief Al A. Philippus, Captain Rosemary Flammia and Sgt. George Ramirez. On August 21, 1997, appellant filed a motion for new trial. Between August 28, 1997 and October 1, 1997, appellant served the additional defendants with the second amended petition.

On October 7, 1997, the trial court conducted a hearing on appellant's motion for new trial and appellees' motion for severance. On October 10, 1997, the trial court signed an order denying appellant's motion for new trial on the summary judgment. The order also severed the July 22, 1997 judgment (renumbered 95–CI–17089A) from the claims asserted against the City, Philippus, Flammia, and Ramirez in his second amended petition, (renumbered 97–CI–15016). Appellant did not file a notice of appeal in 95–CI–17089A until January 8, 1998.

Appellant's Second Amended Petition, filed on July 17, 1997, was served on the City, Philippus, and Flammia on August 27, 1997 and on Ramirez on October 1, 1997. These defendants filed a plea in abatement, contending these claims were foreclosed by the summary judgment under the doctrine of res judicata because they could have been prosecuted with the initial claims. These defendants also moved for sanctions against appellant and his attorney, Barbara Woodward, for pursuing this litigation in bad faith. The trial court signed an order on October 20, 1997, which granted the plea and ordered appellant and Woodward to pay appellees' attorneys' fees totaling $4,009.00 plus interest.

Appellant filed a motion for new trial and a notice of appeal on November 19, 1997, in Cause No. 97–CI–15016 (the severed action against the newly-named defendants), specifically seeking review of the trial court's judg-

ment rendered on October 20, 1997. On January 8, 1998, appellant filed a notice of appeal in Cause No. 95–CI–17089 (the summary judgment) seeking review of the judgment rendered on October 10, 1997. Both of these appeals were brought forward as one appeal with one clerk's record filed under Cause No. 04–98–00011–CV.

### Self's Motion to Dismiss Appeal of 95–CI–17089

■ Self challenges our jurisdiction to review that portion of the appeal which stems from the original cause no. 95–CI–17089, ultimately renumbered 95–CI–17089A. Self asserts that because the defendants added were not served with process until more than 30 days had expired following entry of summary judgment, the appellate timetable commenced to run on July 22, 1997. In support of this argument, Self cites several cases, all good law, which hold that when a judgment disposes of all but the unserved parties, the judgment is final and "the case stands as if there had been a discontinuance or a dismissal as to the parties not served." *Youngstown Sheet & Tube Co. v. Penn,* 363 S.W.2d 230, 232 (Tex.1962); *see also Zepeda v.Bulleri,* 739 S.W.2d 496, 496–97 (Tex.App.—San Antonio 1987, no writ). Self's position, however, does not take into consideration appellant's timely motion for new trial filed on August 21, 1997. By thus extending the trial court's plenary jurisdiction, appellant then accomplished service on the defendants named in the second amended petition. The defendants were not discontinued, rather they filed answers, special exceptions and sought dismissal through a plea in abatement.

■ The summary judgment was interlocutory until the trial court granted a severance on October 10, 1997. Appellant had filed a motion for new trial on August 21 which was heard and denied on October 10. When a motion for new trial or its equivalent is filed prematurely, we may treat it as having the effect of extending the appellate timetable ninety days. *See* TEX.R.APP. P.

---

1. The record reflects that these documents were mailed on July 15, 1997 and therefore were timely filed seven days prior to the hearing on the motion for summary judgment. TEX R.APP. P. 9.2.

27.2; *IPM Products Corp. v. Motor Parkway Realty Corp.*, 960 S.W.2d 879, 880 (Tex. App.—El Paso 1997, no writ). If such be the case, the January 8, 1998 notice of appeal, filed within ninety days following the severance order which rendered the summary judgment final and appealable, invoked our jurisdiction. Self's motion to dismiss is overruled.

**City of San Antonio's Motion to Dismiss**

█ The City of San Antonio, seeks dismissal of the appeal for want of prosecution. The record on appeal, filed on January 23, 1998, consists only of the clerk's record. Appellant's civil docketing statement indicates that no reporter's record was made of either hearing on the dispositive motions discussed above. Appellant's brief was due on February 23, 1998, and has not been filed. No extension of time has been sought. Rule 38.8 provides in pertinent part:

> If an appellant fails to timely file a brief, the appellate court may: (1) dismiss the appeal for want of prosecution, unless the appellant reasonably explains the failure and the appellee is not significantly injured by the appellant's failure to timely file a brief.

TEX.R.APP. P. 38.8(a)(1). Appellant has had an opportunity to provide a reasonable explanation and has failed to respond to this motion to dismiss for want of prosecution. The motion to dismiss is granted, the entire appeal is dismissed for want of prosecution.