Darryl S. SIMON, Appellant,

v.

DILLARD'S, INC. and Dillard National Bank, Appellees.

No. 01–02–00115–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 19, 2002.

Darryl S. Simon, Houston, for appellant.

Lionel M. Schooler, Jackson Walker, L.L.P., Houston, for appellee.

Panel consists of Justices HEDGES, JENNINGS, and KEYES.

## ORDER ON MOTION FOR REHEARING

PER CURIAM.

On June 27, 2002, this Court issued its opinion dismissing appellant's appeal for want of prosecution because appellant had not responded to its order of May 2, 2002. The Court's May 2 order granted appellant a continuance for 30 days to conduct settlement negotiations. The order was issued in response to two motions for extension filed by appellant. The court ruled that if appellant did not (1) submit a joint motion to dismiss the appeal within 30 days of the date of the order or (2) submit a brief within 45 days of the date of the order, *i.e.,* by Monday, June 17, 2002, the appeal would be subject to dismissal for want of prosecution.

Instead of complying with the Court's Order of May 2, 2002, appellant filed a third motion for extension of time on June 25, 2002, eight days *after* the due date for appellant's brief under that May 2 order. Appellant's June 25 motion requested an extension of time for filing the brief from "its pre-assigned due date of June 16, 2002" to June 24, 2002, the previous day. The motion was accompanied by appellant's brief. On June 27, 2002, prior to receiving appellant's third motion for extension of time, the Court dismissed appellant's case for lack of prosecution.

■ Texas Rule of Appellate Procedure 10.5 requires that a motion to extend time state

(A) the deadline for filing the item in question;

(B) the length of time of the extension sought;

(C) the facts relied on to reasonably explain the need for an extension; and

(D) the number of previous extensions granted regarding the item in question.

TEX.R.APP. PROC. 10.5(B).

Appellant's June 25 motion for extension of time, although otherwise cursory, indicates on its face that appellant was aware of the June 16 deadline for filing his brief set out in the Court's May 2, 2002 order but that he declined to comply with it. Instead, appellant sought additional time *after* the date for filing the brief had expired without offering an explanation for his non-compliance. Additionally, the motion failed to mention that appellant had previously requested an extension and that his prior request had been granted, as required by Rule 10.5(b).[1]

■ A party seeking an extension of time in the court of appeals is required to file a motion specifically stating the facts that reasonably explain the need for an extension. *Rios v. Calhoon,* 889 S.W.2d 257, 258 (Tex.1994). Where an appellant is granted an extension of time to file his brief and files a second motion for an extension on or after the due date, without showing good cause for failure to file, the appeal will be dismissed. *See Purswell v. Malone, Murphy & Fenley,* 550 S.W.2d 151, (Tex.Civ.App.-Houston [14th Dist.] 1977, writ ref'd n.r.e.).

Before Appellant's Rule 10.5(b) motion for extension of time to file his brief was received by the court, the deadline for filing the brief had expired and appellant's case had been dismissed. Appellant's motion for a continuance was untimely. Moreover, it stated no grounds that would have justified an extension, had it been timely received. The appeal was properly dismissed for failure to prosecute on June 27, 2002, and appellant's motion for extension of time was properly denied by operation of law.

On July 30, 2002, appellant filed a motion for rehearing. In that motion, appellant claims that he received no notice of the Court's May 2, 2002 order or of the Court's June 27, 2002 opinion dismissing his appeal. Appellant asserts that the first time he learned of these matters was during a July 30, 2002 telephone inquiry to the Clerk.

Texas Rule of Appellate Procedure 49.1 provides for the filing of a motion for rehearing within 15 days after a court of appeals' judgment or order is rendered. TEX.R.APP. PROC. 49.1. If a party seeks to file a late motion for rehearing on the ground that he did not receive notice of the judgment, he may move for additional time to file. TEX.R.APP. P. 4.5(a). However, he must demonstrate that he did not receive notion of the judgment or acquire acknowledge of its contents until after the deadline for filing the motion for rehearing. TEX.R.APP. P. 4.5(b); *Peavy v. Texas Home Mgt.,* 16 S.W.3d 104, 105 (Tex.App.-Houston [1st Dist.] 2000, no pet.). The motion for extension of time must be filed within 15 days of the date the party received notice or acquired actual knowledge that judgment had been rendered. TEX.R. CIV.APP. 4.5(c).

The order dismissing appellant's case was entered June 27, 2002. Appellant's

---

1. Appellant's brief was originally due March 4, 2002. The judgment appealed from was signed October 3, 2001, and appellant filed a motion for new trial.

motion for rehearing was filed more than fifteen days later. To be entitled ·to an extension of time to file his motion, Appellant had to demonstrate that he did not receive notice or the judgment and was unaware of its contents. Construing appellant's July 30 motion for rehearing to include an implied motion for extension of time under Rule 4.5,[2] and assuming the truth of appellant's claim that he was unaware of the dismissal of his appeal until he contacted the clerk's office on July 30, appellant's motion for extension of time to file a motion for rehearing is granted.

Appellant's motion for rehearing is, however, without merit. Appellant's stated ground for rehearing-that he lacked notice of the May 2, 2002 order until July 30-is belied by the reference in his June 25 motion for extension of time to the June 16 deadline for filing his brief, a deadline set by the May 2 order. That reference constitutes an admission that appellant had notice of the contents of the May 2, 2002 order on or before June 25, not July 30, as appellant now claims. Appellant's motion for rehearing is denied.

It is so **ORDERED**.

---

2. *Cf. Smith v. Houston Lighting & Power*, 7 S.W.3d 287, 288 (Tex.App.-Houston [1st Dist. 1999], no pet.)(motion for extension of time to file notice of appeal is implied when notice of appeal is filed after the deadline but within the extension period contemplated by the rule).