Basil BROWN and Yvonne Brown, Appellants

v.

R.J. BRYANT, Individually and in Official Capacity at Barrett, Burke, Wilson, Castle, Daffin & Frappier, L.L.P., Barrett, Burke, Wilson, Castle, Daffin & Frappier, L.L.P., Midland Mortgage Company, and Midfirst Bank, Appellees.

No. 05–04–01732–CV.

Court of Appeals of Texas, Dallas.

Jan. 12, 2006.

Basil Brown, Desoto, TX, pro se.

Robert F. Maris, Maris & Lanier, P.C., Dallas, for Appellee.

Before Justices MOSELEY, RICHTER, and LANG–MIERS.

## OPINION

PER CURIAM.

This case has an extensive history. The notice of appeal was filed on October 27, 2004. Appellants' brief was originally due on April 10, 2005. To this date, appellants have not filed a brief. Rather, appellants have filed numerous complaints regarding both the clerk's and reporter's records.

In their May 2, 2005 motion for extension to file a brief, appellants complained that the clerk's record included documents from another case. This issue was subsequently resolved. A few weeks later, on May 23, 2005, appellants complained that the reporter's record filed on March 11, 2005, was missing exhibits introduced at the motion for new trial hearing. Appellants did not complain that the reporter's

record was incomplete in any other manner. The Court abated the appeal on July 26, 2005 and ordered the trial court to conduct a hearing to determine the whereabouts of the exhibits. The trial court conducted the hearing on August 12, 2005 and entered findings of fact relating to the exhibits. This Court adopted the trial court's findings and ordered appellants to file their brief by October 28, 2005.

Instead of filing their brief on that date, appellants filed an extension motion stating that the reporter's record was incomplete because it did not contain records from nine hearings conducted in the trial court. Given that the court reporter filed the reporter's record on March 11, 2005 and appellants waited over six months to complain, this Court denied appellants' motion, ordered them to file their brief by December 9, 2005, and warned them that if they failed to file their brief by that date, the appeal would be subject to dismissed for want of prosecution.

Again, rather than file an appellate brief, appellants filed an extension motion on December 12, 2005. Appellants continued to complain that the reporter's record was incomplete. In an order dated December 20, 2005, this Court denied the motion and ordered appellants to file their brief by December 29, 2005. The Court cautioned appellants that it would not entertain any further motions concerning the completeness of the reporter's record and that if they failed to comply with the briefing deadline, the appeal would be dismissed for want of prosecution.

Rather than file their brief on December 29, 2005, appellants filed a motion for extension of time to file a brief and a motion to compel the court reporter to comply with appellants' request for a complete reporter's record. These motions are currently before the Court. Appellants reassert their complaint that the reporter's record is incomplete. The Clerk of this Court contacted the court reporter to inquire whether a record was made of the hearings conducted on the dates provided by appellants. The court reporter informed the Clerk that no record had been made on those dates.[1]

The Court has given appellants numerous opportunities to file a brief. Appellants have raised numerous complaints about the record. Appellants waited more than six months after the reporter's record was filed to raise some of their complaints. The Court warned appellants several times that the Court would dismiss the appeal for want of prosecution for failure to file a brief. Despite these warnings, appellants continued to complain about the record. Those complaints have been thoroughly examined.

Accordingly, we **DENY** appellants' motion for extension of time to file a brief and motion to compel the court reporter to comply with their request for a complete reporter's record.

We **DISMISS** this appeal. *See* TEX. R.APP. P. 42.3(b) & (c).

---

1. This should be no surprise to appellants because in the letter requesting the reporter's record, appellant Basil Brown stated, "My recollection is that the only hearing in which a record was made was the hearing in the Plaintiff's motion for new trial held on September 23, 2004."