COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:    Woody K. Lesikar, Individually, as Trustee of the Woody K. Lesikar
Special Trust, and as Trustee for the Woodrow V. Lesikar Family
Trust v. Woodrow V. Lesikar Family Trust, by and through its
Beneficiary, the Carolyn Ann Lesikar Moon Special Trust, and
Carolyn Ann Lesikar Moon, Individually

Appellate case number:    01-12-00406-CV

Trial court case number:  0865920

Trial court:              334th District Court of Harris County

Appellant's brief was originally due on August 9, 2012. On October 24, 2012, we granted appellant's third "Motion for Enlargement of Time Within Which to File Appellants' [sic] Opening Brief," setting November 12, 2012 as the deadline for filing appellant's brief and stating that no additional motions to extend time would be granted absent extraordinary circumstances.

On November 13, 2012, one day after the deadline for filing his brief, appellant filed a *fourth* motion for extension, requesting an extension of time to November 19, 2012. In the motion, appellant chronicles an extensive history of medical ailments suffered by appellant's counsel, beginning in December 2009. Appellant does not, however, allege that these medical ailments affected his ability to prepare a brief in the time period between October 10, 2012 and November 12, 2012—the period of time granted to appellant to prepare the brief in the Court's previous order granting an extension of time. Thus, the only explanations offered for the need for additional time that are actually relevant to show why appellant failed to utilize the previous extension of time granted for the preparation of appellant's brief are the following: (1) counsel prepared for a trial, a stipulation conference, and settlement negotiations in his own tax case; (2) counsel prepared for and attended what appears to be his own state court case; and (3) counsel's office had "a sudden loss of power" that "caused loss of much of the preparatory work on Appellants' [sic] opening brief which has to be reconstructed." Two of these three reasons show that counsel deliberately chose to prioritize other matters over this appeal. The third explanation offered, that counsel's office suffered a power loss on one day, fails to establish "extraordinary circumstances" or even a reasonable explanation of the need for an extension, as counsel fails to specify how much work was lost, what was necessary to reconstruct said work, what backup systems he had in place, what efforts he took to recover the lost work, or why he

was unable to file a brief in the time between the power outage and the deadline for filing. *See* TEX. R. APP. P. 10.5(b)(1)(C); *Kidd v. Paxton*, 1 S.W.3d 309, 312 (Tex. App.—Amarillo 1999, pet. denied) (op. on reh'g).

On November 19, 2012, appellant filed a *fifth* motion for extension for filing his brief. In the motion, appellant reiterates his arguments and explanations from his fourth motion for extension. Appellant also states that counsel contracted the flu on November 15, 2012, that he was in bed as a result thereof from November 16 through November 19, 2012,[1] that he would be unable to work on the brief from November 22 through November 23, 2012 because of the Thanksgiving holiday, and that he will be undergoing "testing for location of an occult tumor which is expected to take place during the week of November 19 through November 26, 2012." As a result, appellant requests an additional two weeks within which to file his brief, with a deadline of December 3, 2012.

We are not unsympathetic to counsel's condition. Nevertheless, counsel was able to work during most of the more than four months appellant has had to submit a brief, but prioritized other matters over this appeal. Therefore, counsel has failed to file a brief not as a result of physical ailment, but as a result of a conscious decision to prioritize other legal work.[2] And the decision to prioritize other work illustrates neither a reasonable explanation nor extraordinary circumstances showing the need for an extension of the time for filing a brief, but rather an intentional or deliberate failure to comply with the briefing deadline. *See Kidd*, 1 S.W.3d at 311 & n.2. Further, given that counsel's medical issues began long before the start of this appeal and that counsel's other cases have cause numbers showing they started prior to this appeal, it appears that counsel may have accepted more work than he can do. And "it can be said that accepting more work than one attorney can do is a conscious choice . . . [and] it could be said that in accepting excessive work with knowledge of the risks inherent therein, an attorney deliberately and intentionally accepts the chance of their occurrence." *See id.* at 311 n.2. Finally, counsel provides us with insufficient information to establish a nexus between the excuses offered and the failure to timely file a brief. *See id.* at 311. Counsel provides an in-depth account of his medical ailments from December 2009 through a doctor's order to refrain from work between May 15 and June 14, 2012. Counsel then states that he designated the month of August 2012 "as his vacation period for his rehabilitation," without stating whether or not this was pursuant to a doctor's order or otherwise medically necessary. Given that appellant's brief was originally due on August 9, 2012, counsel fails to explain with sufficient factual detail why he was not able to work on the brief in July or why it was necessary to refrain from work in August 2012. Counsel next states that he had to spend "several weeks" preparing for trial for a case docketed for October 29, 2012. Counsel does not, however, specify how much time was spent preparing for that case, nor does he offer any reason why he was unable to prepare this

---

[1] Appellant states that "[a]s of the date of the filing of this motion, counsel still has fever and is in bed."

[2] The appellate record was completed on July 9, 2012. The only explanations related to medical issues provided for the failure to file a brief since that time are that counsel designated August 2012 as his vacation period for rehabilitation, without any reference to medical necessity or any doctor's order, and that counsel contracted the flu on November 15, 2012.

brief during the remainder of the more than eight weeks in September and October 2012. Finally, counsel states that he is suffering from the flu, but he fails to explain why he is able to file a motion for extension but is not able to work on the brief, and he fails to explain why co-counsel, Chris Di Ferrante, is unable to file a brief.  *See id.*

Accordingly, because appellant has failed to show extraordinary circumstances for an additional extension, his motions are DENIED.

Appellant is ORDERED to file a brief by no later than **5:00 p.m.** on **December 7, 2012**. No further extensions will be granted.  If a brief is not received in this Court by the deadline, this appeal will be subject to dismissal without further notice.  *Cf. Simon v. Dillard's, Inc.*, 86 S.W.3d 798, 799–800 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

It is so ORDERED.


Judge's signature: /s/ Justice James Sharp, Jr.
        ☑ Acting individually    ☐ Acting for the Court


Date:  December 3, 2012