

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-17-00255-CV

IN THE INTEREST OF B.B. AND
T.B.

----------

FROM COUNTY COURT AT LAW NO. 1 OF PARKER COUNTY
TRIAL COURT NO. CIV-16-0289

----------

## MEMORANDUM OPINION[1]

----------

In this appeal from a divorce proceeding affecting the parent-child

relationship, appellant S.B. (Saul)[2] failed to timely file a compliant appellate brief

---

[1]*See* Tex. R. App. P. 47.4.

[2]We use fictitious names to refer to the parties.  *See* Tex. Fam. Code Ann.
§ 109.002(d) (West Supp. 2017).

even though we granted him a total of five extensions to do so. *See* Tex. R. App. P. 38.6, 38.8(a). Appellee A.B. (Angela) filed a motion to dismiss Saul's appeal, arguing that dismissal was warranted because Saul failed to diligently prosecute his appeal and did not comply either with the rules of appellate procedure or with this court's orders. *See* Tex. R. App. P. 42.3(b)–(c). We grant the motion. *See* Tex. R. App. P. 38.8(a)(1), 42.3.

To dispel any inference that we are unnecessarily determining this appeal based on "harmless procedural defects," we must discuss the procedural history in this court. *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008). Saul's appellate brief was initially due October 13, 2017. Two days before the deadline, Saul's appellate counsel, Rebecca Davis, filed a motion asking for a sixty-day extension because she had been "out of state" between September 27 and October 8 "for a death in her immediate family." We granted the motion in part, giving Saul until November 13. Davis filed a second extension motion on November 13 because her computer "crashed," deleting "[t]he entire contents of [Saul's] brief." We granted the motion and set the due date for December 13. On December 11, Davis filed a third extension motion, which she referred to as her "final" request, asking for a thirty-day extension based on an illness. We granted this motion, and ordered Saul's brief to be filed no later than January 16, 2018. On January

16,[3] Davis filed a fourth motion for extension. In this motion, Davis asserted that she "never received the clerk's record, and it was only today which counsel for [Saul] made such discovery." We granted the motion, giving Saul until January 29 to file his brief; however, we clearly stated in the order that "**NO FURTHER EXTENSIONS WILL BE GRANTED.**" Davis electronically filed each extension motion. *See* Tex. R. App. P. 9.2(c).

On January 30, the day after the brief was due, Davis attempted to electronically file Saul's appellate brief. We struck the brief that same day via the electronic-filing system for noncompliance with the applicable rules of appellate procedure and gave Saul until February 2 to file a conforming brief. *See* Tex. R. App. P. 9.4(k). Two hours later, Davis electronically filed a "Motion for Submission of Amended Brief" in which she requested an order "that this Amended Brief be due on February 2, 2017 [sic]." Davis did not attach or otherwise attempt to file the brief along with the motion. We struck the motion, which was noncompliant for a myriad of reasons. *See id.* Davis again electronically filed the motion for submission of amended brief on January 31. The next day—February 1—Angela responded to Saul's motion and filed a motion to dismiss Saul's appeal for want of prosecution and for failing to comply with the appellate rules or this court's orders. *See* Tex. R. App. P. 42.3(b)–(c).

---

[3]She initially filed this motion on January 16, noting that she had been unable to confer with Angela's counsel. Saul's counsel refiled the same motion on January 24, noting that Angela was opposed to a fourth extension.

Three hours later, Davis electronically filed a response to Angela's motion to dismiss, stating that Saul's "brief will be filed on February 2, 2017 [sic]" and explaining that the brief "would have been timely filed" if not for "technological malfunctions."[4]  Davis asserted that she had spent "approximately 250 hours" on Saul's brief, which she argued negated any inference of a failure to prosecute.  On February 2, we granted Saul's motion for submission of amended brief and ordered Davis to file Saul's brief no later than February 5.  Again, we stated that "**NO FURTHER EXTENSIONS WILL BE GRANTED.**"

On February 6 at 4:21 p.m., the clerk's office received by hand delivery one paper copy of an unsigned brief[5] accompanied by a cover letter, an affidavit by Davis, and an affidavit by Davis's assistant.  In the cover letter, Davis apologized for wasting this court's and Angela's time and stated that "the delays in this matter" were "due to modern technology."  In the affidavits, Davis and her assistant averred that when Davis was working from home and attempting to electronically file Saul's brief at 5:00 p.m. on February 5, Davis "lost an internet connection."  Davis and her assistant could not locate the "IT tech," and even though they tried until 12:45 a.m. on February 6 and even though Davis had a

---

[4]Davis explained that while attempting to file the brief on January 30, the electronic-filing system "went into a 'frozen' state" for fifteen minutes.  As we previously stated, Davis did electronically file Saul's brief on January 30, but the brief was noncompliant and struck.

[5]The certificate of service also was unsigned and incomplete.  *See* Tex. R. App. P. 9.5(e).

second laptop at her home that had an internet connection, they could not electronically file the brief. When Davis returned to her office at 11:00 a.m. on February 6, the computer problem was resolved in fifteen minutes; however, Davis submitted a paper copy of the unsigned brief to the clerk's office five hours later. Because the hand-delivered brief again was noncompliant and because none of the documents had been electronically filed, we returned them to Davis on February 9.

We have given Davis multiple opportunities to timely file a compliant brief. *See* Tex. R. App. P. 44.3. She has failed to take advantage of any of them. Some of her explanations for the extensions were contradictory if not implausible. Indeed, it seems unlikely that Davis would have completed a brief in November 2017 that could not be electronically filed due to technical difficulties but failed to discover that she had not received a copy of the clerk's record until January 2018.[6] And even though her most recent computer problems were resolved before noon on February 6, Davis did not attempt to electronically file Saul's brief, choosing instead to hand deliver a paper copy of an unsigned brief.

We conclude that Angela is correct: Saul has failed to comply with the rules of appellate procedure, has disregarded this court's orders, and has not prosecuted his appeal with diligence. *See* Tex. R. App. P. 42.3; *Brown v. Bryant*, 181 S.W.3d 901, 902 (Tex. App.—Dallas 2006, pet. denied); *Plummer v. Reeves*,

---

[6]Davis was not Saul's trial counsel.

5

93 S.W.3d 930, 931–32 (Tex. App.—Amarillo 2003, pet. denied). Saul has failed to provide a reasonable explanation for these failures and has not established that Angela was not significantly injured by his failure to timely file a brief. *See* Tex. R. App. P. 38.8(a)(1); *cf.* Tex. R. App. P. 10.5(b)(1)(C) (requiring extension motions to include reasonable explanation for the need for extension); *Simon v. Dillard's, Inc.*, 86 S.W.3d 798, 800–01 (Tex. App.—Houston [1st Dist.] 2002, order) (denying extension to file rehearing motion based on appellant's failure to justify need for extension). We therefore dismiss Saul's appeal. *See* Tex. R. App. P. 38.8(a)(1), 42.3(b)–(c), 43.2(f).

PER CURIAM

PANEL: GABRIEL, KERR, and PITTMAN, JJ.

DELIVERED: February 15, 2018