

**NUMBER 13-18-00539-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

JOE PITTMAN YOUNG,                                             **APPELLANT,**

**v.**

ANNA S. LOPEZ, ET AL.,                                        **APPELLEES.**

---

**On appeal from the 36th District Court
of Bee County, Texas.**

---

## MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Hinojosa
Memorandum Opinion by Justice Hinojosa**

This is an appeal under Chapter 14 of the Texas Civil Practice and Remedies Code

from a final judgment dismissing appellant's claim as frivolous.[1] *See* TEX. CIV. PRAC. &

---

[1] The appellees in this case are Texas Department of Criminal Justice employees identified as I. Nwanchkulu, Anna S. Lopez, Donna F. Bryant, "Capt" Melero, Corey Furr, B. Barnett, and D. Fonseca. Appellant filed suit against appellees in their individual and official capacities and pleaded causes of action for breach of contract, fraud, retaliation, "assisting and encouraging" and conspiracy, and sought

REM. CODE ANN. §§ 14.001–.014 (West, Westlaw through 2017 1st C.S.). The appellant's brief in this case was due on December 10, 2018. On January 4, 2019, the Clerk of the Court notified appellant that his brief had not been timely filed and that his appeal was subject to dismissal for want of prosecution under Texas Rule of Appellate Procedure 38.8(a)(1), unless within ten days from the date of receipt of this letter, appellant reasonably explained the failure and the appellees were not significantly injured by the appellant's failure to timely file a brief. *See* TEX. R. APP. P. 38.8(a)(1).

Rather than file a brief or file a motion for extension of time to file a brief, appellant filed a motion seeking the appointment of counsel. Appellant's motion fails to reasonably explain his failure to timely file the brief and does not address whether the appellees were significantly injured by his failure. *See id.* Instead, appellant generally complains that appellees and other prison officials have retaliated against him for his complaints and have disrupted "all his civil cases." Appellant fails to explain how or why these alleged actions have resulted in his failure to timely file a brief in this matter.

The Texas Rules of Appellate Procedure authorize the appellate courts to dismiss appeals for want of prosecution in civil cases when the appellant fails to file his brief within the prescribed time. *See generally id.* R. 38.8(a); *Jimenez v. Soria*, 224 S.W.3d 722, 722 (Tex. App.—El Paso 2006, no pet.); *State v. Palacios*, 968 S.W.2d 467, 468 (Tex. App.—Fort Worth 1998, no pet.); *Elizondo v. City of San Antonio*, 975 S.W.2d 61, 63

---

declaratory and injunctive relief. Appellant argued, in sum, that he was "denied a fair and impartial drug test via urine sample."

2

(Tex. App.—San Antonio 1998, no pet.). Rule 38.8 of the rules of appellate procedure governs the failure to file an appellant's brief in civil cases and provides as follows:

(a) Civil Cases. If an appellant fails to timely file a brief, the appellate court may:

(1) dismiss the appeal for want of prosecution, unless the appellant reasonably explains the failure and the appellee is not significantly injured by the appellant's failure to timely file a brief;

(2) decline to dismiss the appeal and give further direction to the case as it considers proper; or

(3) if an appellee's brief is filed, the court may regard that brief as correctly presenting the case and may affirm the trial court's judgment upon that brief without examining the record.

TEX. R. APP. P. 38.8(a)(1); *see also Brown v. Bryant*, 181 S.W.3d 901, 902 (Tex. App.–Dallas 2006, pet. denied) (per curiam) (dismissing an appeal for the failure to file the appellant's brief).

The Court, having examined and fully considered the documents on file, is of the opinion that the appeal should be dismissed for want of prosecution. *See* TEX. R. APP. P. 38.8(a)(1); *id.* R. 42.3(b); *Jimenez*, 224 S.W.3d at 722. Appellant has failed to either reasonably explain his failure to file a brief, file a motion for extension of time to file his brief, or file his brief. *See* TEX. R. APP. P. 38.8(a)(1); *id.* R. 10.5(b)(1)(C) (requiring extension motions to include the facts relied on to reasonably explain the need for an extension of time); *Simon v. Dillard's, Inc.*, 86 S.W.3d 798, 800–01 (Tex. App.—Houston [1st Dist.] 2002, order) (per curiam) (same). Accordingly, we deny appellant's motion for

the appointment of counsel and we dismiss the appeal for want of prosecution.   *See* Tᴇх.

R. Aᴘᴘ. P. 38.8(a), 42.3(b).

LETICIA HINOJOSA
Justice

Delivered and filed the
21st day of February, 2019.