

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00313-CV

Patrick **MINOR**,
Appellant

v.

**ST. PHILIP'S COLLEGE**,
Appellee

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2019-CI-03609
Honorable Rosie Alvarado, Judge Presiding

PER CURIAM

Sitting:      Patricia O. Alvarez, Justice
              Luz Elena D. Chapa, Justice
              Irene Rios, Justice

Delivered and Filed: July 31, 2019

DISMISSED FOR WANT OF PROSECUTION

Appellant Patrick Minor appeals from the trial court's order granting St. Philip's College's plea to the jurisdiction. Appellant, who is not an attorney, is representing himself in this appeal.

Because Appellant twice failed to file a brief that complies with the Texas Rules of Appellate Procedure, we dismiss this appeal for want of prosecution.

### APPELLANT'S ORIGINAL BRIEF

On June 24, 2019, after Minor failed to timely file a brief or a motion for extension of time to file the brief, we ordered Minor to show cause in writing by July 5, 2019, why this appeal should

not be dismissed for want of prosecution. *See* TEX. R. APP. P. 38.8(a), 42.3(b), (c); *Elizondo v. City of San Antonio*, 975 S.W.2d 61, 63 (Tex. App.—San Antonio 1998, no pet.). We advised Minor that his written response must include a reasonable explanation for his failure to timely file the brief. *See* TEX. R. APP. P. 38.8(a).

Minor, representing himself, timely filed a handwritten, three-page response. In his response, Minor asserted various facts and then prayed that this court would award him consequential and punitive damages against the College. Minor did not include a reasonable explanation for his failure to timely file the brief.

In our July 9, 2019 order, we advised Minor that we construed his response as an appellant's brief and that his brief did not comply with Rule 38.1 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 38.1. We advised Minor that his brief omitted the following:

- Identity of Parties and Counsel,
- Table of Contents,
- Index of Authorities,
- Statement of the Case,
- Any Statement Regarding Oral Argument,
- Issues Presented,
- Statement of Facts (that complies with the Rules),
- Summary of the Argument,
- Argument,
- an Appendix (that complies with the Rules),
- Certificate of Compliance, or
- Certificate of Service.

*See id.* R. 9.4, 9.5, 38.1. We also advised Minor of these additional defects in his brief.

- No part of the brief contains any citations to the record. *Contra id.* R. 38.1(g) ("The statement [of facts] must be supported by record references."); *id.* R. 38.1(i) ("The brief must contain . . . appropriate citations . . . to the record.").

- The portions of the brief that may be construed as a statement of facts recite alleged facts and complaints, but the brief does not state how the trial court erred or present any legal arguments, with appropriate citations to authorities and the record, to present any legal basis for this court to reverse the trial court's judgment. *Contra id.*

- The brief does not recite the standard of review, and, except for a single reference to one federal statute, it contains no citations to rules or statutes, or any references to case law. *Contra id.* (requiring "appropriate citations to authorities").

We concluded that the defects described above constituted flagrant violations of Rule 38. We struck Minor's brief and ordered him to file an amended brief by July 19, 2019. We advised Minor that his amended brief must correct all the violations we noted and must fully comply with the applicable rules. *See, e.g.*, *id.* R. 9.4, 9.5, 38.1.

We warned Minor that if his amended brief did not comply with our order, we "[could] strike the brief, prohibit [Appellant] from filing another, and proceed as if [Appellant] had failed to file a brief." *See id.* R. 38.9(a); *see also id.* R. 38.8(a) (authorizing this court to dismiss an appeal if an appellant fails to timely file a brief).

### APPELLANT'S AMENDED BRIEF

On July 22, 2019, Minor filed an amended brief. The amended brief does not comply with Rule 38.1 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 38.1.

The handwritten, ten-page brief does not contain an Identity of Parties and Counsel, Index of Authorities, Any Statement Regarding Oral Argument, or an Appendix (that complies with the Rules). *See id.* R. 9.4, 9.5, 38.1. Like the original brief, no part of the brief contains any citations to the record. *Contra id.* R. 38.1(g) ("The statement [of facts] must be supported by record references."); *id.* R. 38.1(i) ("The brief must contain . . . appropriate citations . . . to the record."). The amended brief recites alleged facts and complaints, argues Minor's constitutional rights have been violated, and prays for monetary damages. The brief includes some citations to inapt federal cases, but the citations refer to general statements of the law rather than "clear and concise arguments for the contentions made." *Contra* TEX. R. APP. P. 38.1.

Minor's brief does not argue that the trial court erred in granting the plea to the jurisdiction or present any argument, supported by appropriate citations to authorities and the record, to show how the trial court had jurisdiction in his suit. *Contra id.*

Throughout the brief, Minor recites conclusory complaints, but the brief does not present clear and concise arguments, with appropriate citations to authorities and the record, for this court to reverse the trial court's judgment, *contra id.*, and we may not create Minor's arguments for him, *see Meyer v. State*, 310 S.W.3d 24, 26 (Tex. App.—Texarkana 2010, no pet.) ("We do not, and cannot, create arguments for parties—we are neither the appellant's nor the appellee's advocate.").

Minor's amended brief does not present anything for appellate review.

### CONCLUSION

Minor has twice failed to submit a brief that complies with the Texas Rules of Appellate Procedure. Even with his amended brief, Minor has presented nothing for this court to review.

We strike Minor's amended brief, prohibit him from filing another, and dismiss this appeal for want of prosecution. *See* TEX. R. APP. P. 9.4, 38.8(a)(1), 38.9(a), 42.3(b),(c).

PER CURIAM