

# Fourth Court of Appeals
## San Antonio, Texas

November 26, 2019

No. 04-19-00476-CV

**IN THE INTEREST OF A.R.R., A CHILD,**

From the 38th Judicial District Court, Medina County, Texas
Trial Court No. 18-05-24951-CV
Honorable Cathy Morris, Judge Presiding

# O R D E R

On November 14, 2019, after Appellant failed to timely file a brief or a motion for extension of time to file the brief, we ordered Appellant to show cause in writing by November 25, 2019, why this appeal should not be dismissed for want of prosecution. *See* TEX. R. APP. P. 38.8(a), 42.3(b), (c); *Elizondo v. City of San Antonio*, 975 S.W.2d 61, 63 (Tex. App.—San Antonio 1998, no pet.).

Appellant, now representing herself, timely filed a handwritten, three-page response. In her response, Appellant asserts she was not given a fair chance to be heard at the trial court, she is no longer engaging in the conduct that caused her child to be removed, and she seeks appellate review of the trial court's order.

We construe Appellant's response as an appellant's brief, but it does not comply with Rule 38.1 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 38.1. Specifically, the brief does not include the following:

- Identity of Parties and Counsel,
- Table of Contents,
- Index of Authorities,
- Statement of the Case,
- Any Statement Regarding Oral Argument,
- Issues Presented,
- Statement of Facts (that complies with the Rules),
- Summary of the Argument,
- Argument,
- an Appendix (that complies with the Rules),
- Certificate of Compliance, or

- Certificate of Service.

*See id.* R. 9.4, 9.5, 38.1. The brief has these additional defects.

- No part of the brief contains any citations to the record. *Contra id.* R. 38.1(g) ("The statement [of facts] must be supported by record references."); *id.* R. 38.1(i) ("The brief must contain . . . appropriate citations . . . to the record.").

- The portions of the brief that may be construed as a statement of facts recite alleged facts and complaints, but the brief does not state how the trial court erred or present any legal arguments, with appropriate citations to authorities and the record, to present any legal basis for this court to reverse the trial court's judgment. *Contra id.*

- The brief does not recite the standard of review or include citations to statutes, rules, or cases. *Contra id.* (requiring "appropriate citations to authorities").

In its current form, Appellant's brief does not present anything for appellate review.

This court may order a party to amend, supplement, or redraw a brief if it flagrantly violates Rule 38. *See id.* R. 38.9(a). We conclude that the defects described above constitute flagrant violations of Rule 38.

Therefore, we STRIKE Appellant's brief and ORDER Appellant to file an amended brief within TEN DAYS of the date of this order. **The amended brief must correct all the violations listed above and fully comply with the applicable rules.** *See, e.g.*, *id.* R. 9.4, 9.5, 38.1.

If the amended brief does not comply with this order, we "may strike the brief, prohibit [Appellant] from filing another, and proceed as if [Appellant] had failed to file a brief." *See id.* R. 38.8(a), 38.9(a), 42.3(b), (c); *see also* TEX. FAM. CODE ANN. § 263.405(b) ("FAILURE TO FOLLOW THE TEXAS RULES OF APPELLATE PROCEDURE FOR ACCELERATED APPEALS MAY RESULT IN THE DISMISSAL OF THE APPEAL."); *S.P. v. Tex. Dep't of Family & Protective Servs.*, No. 03-13-00504-CV, 2013 WL 6178566, at *1 (Tex. App.—Austin Nov. 22, 2013, no pet.) (mem. op.); *In re T.M.D.J.*, No. 14-11-00367-CV, 2011 WL 3769466, at *1 (Tex. App.—Houston [14th Dist.] Aug. 25, 2011, no pet.) (mem. op.).

If Appellant timely files a brief that complies with this order, Appellee's brief will be due twenty days after Appellant's brief is filed. *See* TEX. R. APP. P. 38.6(b).

_____
Patricia O. Alvarez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 26th day of November, 2019.

_____
MICHAEL A. CRUZ,
Clerk of Court