**DISMISS and Opinion Filed October 21, 2022**



In The
**Court of Appeals
Fifth District of Texas at Dallas**

**No. 05-21-00411-CV**

**TONYA PARKS, Appellant**

**V.**

**AFFILIATED BANK, AFFILIATED BANK FSB,
AFFILIATED BANK FSB, INC., BANCAFFILIATED,
JOSHUA CAMPBELL AND KATHERINE CAMPBELL, Appellees**

**On Appeal from the County Court at Law No. 2
Dallas County, Texas
Trial Court Cause No. CC-19-01614-B**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Molberg, and Justice Pedersen, III
Opinion by Chief Justice Burns

In light of the recusal of Justice Bonnie Goldstein, an original panel member, we **GRANT** rehearing on the Court's own motion, **VACATE** our opinion and judgment of September 14, 2022, and **REINSTATE** the appeal. This is now the opinion of the Court.

Appellant's brief in this appeal has not been filed despite the deadline being extended five times. It was first due April 25, 2022 and last due August 26, 2022.

The primary reason appellant has sought the extensions is her dissatisfaction with the accuracy of the reporter's record, even though, prior to the brief deadline first being set, the trial court held a hearing to determine the record's accuracy and a corrected record was filed as ordered by the trial court. *See* TEX. R. APP. P. 34.6(e)(2),(3) (together providing that disputes concerning accuracy of reporter's record arising after record has been filed may be submitted to trial court for resolution, and, if trial court finds inaccuracies, reporter must correct record).

Our orders granting the second and third extensions cautioned appellant that further extension requests would be disfavored, and our orders extending the deadline the fourth and fifth times cautioned that failure to file the brief by the new deadlines could result in the appeal being dismissed without further notice. Despite the cautionary language, appellant has filed a sixth extension motion complaining again about the reporter's record but also asserting for the first time that the clerk's record, on file since August 5, 2021, is incomplete. Appellant requests the clerk's record be supplemented and seeks an extension of at least thirty days from the date the supplemental record is filed to file her brief. For the reasons that follow, we deny the motion and dismiss the appeal. *See id.* 38.8(a)(1), 42.3(b),(c).

Texas Rule of Appellate Procedure 38.6(d) allows an appellate court to extend the time for filing a brief on motion reasonably explaining the need for an extension. *See id.* 10.5(b), 38.6(d). A "reasonable explanation" is "any plausible statement of circumstances indicating that failure to file within the [required] period was not

–2–

deliberate or intentional, but was the result of inadvertence mistake, or mischance." *Garcia v. Kastner Farms, Inc.*, 774 S.W.2d 668, 669 (Tex. 1989) (quoting *Meshwert v. Meshwert*, 549 S.W.2d 383, 384 (Tex. 1977)); *see also Head v. Twelfth Court of Appeals*, 811 S.W.2d 570, 571 (Tex. 1991) (per curiam) (citing, in part, *Kastner Farms* in concluding motion for leave to file late brief reasonably explained delay).

An incomplete record can be the basis for an extension of time to file the brief, *see* TEX. R. APP. P. 38.6(a), and if the clerk's record here had recently been filed, it being incomplete might justify the extension. But the clerk's record here has been on file for over a year.

Acknowledging the substantial amount of time that has lapsed, appellant explains in a reply to appellees' opposition to the extension that she did not request a supplemental clerk's record sooner because she "did **not** feel the need to drive to Dallas to pick up the clerk's record because she was still waiting on the reporter's record[,]" the reporter "has caused multiple distractions," she assumed the clerk "would not omit" documents from the record, and she "**wanted to trust the process by not having to check every Dallas County Department to ensure she is not being deprived of documents**." (emphasis in original) Our case management system, however, reflects appellant was provided a copy of the clerk's record on August 6, 2021, the day after the record was filed. Further, at the time the April 25, 2022 deadline for the filing of the brief was set, the original deadline, appellant's concerns with the accuracy of the reporter's record had been addressed in accordance

–3–

with the rules of appellate procedure. *See* TEX. R. APP. P. 34.6(e). With the brief being first due April 25 and appellant in possession of the clerk's record for over seven months by that point, review of the clerk's record should have begun before the original deadline, not four months later.

We conclude appellant has failed to reasonably explain the need for a sixth extension to file her brief. *See Brown v. Bryant*, 181 S.W.3d 901, 902 (Tex. App.—Dallas 2006, pet. denied) (per curiam) (noting, in dismissing appeal because appellants failed to file their brief, that appellants' third extension motion, which complained that reporter's record was incomplete, had been denied because "appellants waited over six months (from date record was filed) to complain"); *see also Matter of Marriage of Barron*, 13-21-00398-CV, 2022 WL 1415014, *1 (Tex. App.—Corpus Christi-Edinburg May 5, 2022, no pet.) (mem. op.) (granting appellee's motion to dismiss, concluding, in part, that explanation appellant provided in motion to extend time to file brief did not "satisfy the length of the delay"); *Green v. Grimes Cent. Appraisal Dist.*, No. 12-20-00179-CV, 2021 WL 126587, *1-2 (Tex. App.—Tyler Jan. 13, 2021, no pet.) (mem. op.) (per curiam) (noting, in dismissing appeal when appellant failed to file brief after having about four months to file, that appellant's third motion seeking extension based on "COVID-19 pandemic" was denied). Accordingly, we deny the motion. And, having previously cautioned that failure to file the brief as ordered could result in

the appeal being dismissed without further notice, we dismiss the appeal. *See* TEX.

R. APP. P. 38.8(a)(1), 42.3(b),(c).


/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

210411F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

TONYA PARKS, Appellant

No. 05-21-00411-CV     V.

AFFILIATED BANK, AFFILIATED
BANK FSB, AFFILIATED BANK
FSB, INC., BANCAFFILIATED,
JOSHUA CAMPBELL AND
KATHERINE CAMPBELL,
Appellees

On Appeal from the County Court at
Law No. 2, Dallas County, Texas
Trial Court Cause No. CC-19-01614-
B.
Opinion delivered by Chief Justice
Burns, Justices Molberg and
Pedersen, III participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal.

Judgment entered October 21, 2022.