**Dissent to Order issued September 7, 2023**



In The

# Court of Appeals

For The

# First District of Texas

—————————————

## NO. 01-22-00156-CV

—————————————

**DEMETRA MOORE, Appellant**

**V.**

**DARRELL GENE CARDER, Appellee**

On Appeal from the 164th District Court
Harris County, Texas
Trial Court Case No. 2020-23143

## DISSENT TO ORDER

I must respectfully dissent. The underpinning of the majority's disposition is

Rule 4.5 of the Texas Rules of Appellate Procedure—"No Notice of Judgment or

Order of Appellate Court; Effect on Time to File Certain Documents." Under this

rule, a court of appeals must grant additional time to file a motion for rehearing or

en banc reconsideration if the court finds that the party did not—until after the time expired for filing a motion for rehearing or en banc reconsideration—receive notice of the judgment or order in question from the court of appeals *or* acquire actual knowledge of the judgment or order. TEX. R. APP. P. 4.5(d).

The court must also find that the motion invoking Rule 4.5 was timely filed. *Id.*

To be timely, a Rule 4.5 motion must be filed within 15 days "of the earliest date" that the party received notice of the judgment or order from the court of appeals *or* acquired actual knowledge of that judgment or order—but in no event more than 90 days after the date of the judgment or order. *Id.* 4.5(b), (d); *see Simon v. Dillard's, Inc.*, 86 S.W.3d 798, 800 (Tex. App.—Houston [1st Dist.] 2002, no pet.) ("The motion for extension [under Rule 4.5] must be filed within 15 days of the date the party received notice or acquired actual knowledge that judgment had been rendered.").

As acknowledged by the majority, Moore states in her motion and accompanying affidavit that her appellate counsel received this Court's notice of judgment by email on April 27, 2023. But, according to Moore, her counsel did not obtain actual knowledge of the contents of that notice email until July 7, 2023—the date this Court's mandate issued—because her counsel "inadvertently overlooked" the April 27 email until that later date. Thus, "the earliest date" that Moore either

2

received notice of this Court's judgment *or* obtained actual knowledge of the judgment was April 27, 2023.

Based on these admitted facts, and the plain language of Rule 4.5(b), Moore had to file her motion within 15 days of the "earliest" of these two dates—which was May 12, 2023. Moore, however, did not file her motion until July 17, 2023.

The majority suggests that a Rule 4.5 motion is timely filed if it is filed "within 90 days of the judgment." That, however, disregards the rest of the words in the same sentence of Rule 4.5(b). TEX. R. APP. P. 4.5(b); *see Huston v. U.S. Bank Nat'l Assoc.*, 359 S.W.3d 679, 681 (Tex. App.—Houston [1st Dist.] 2011, no pet.) ("[a rule of procedure] must be read as a whole to ascertain its intent" and its clear language construed "according to its literal meaning").

When the plain language of Rule 4.5(b) is read as a whole, it provides that the 15-day deadline to timely file a Rule 4.5 motion is triggered by "the earliest date" that the party received notice of the judgment or order from the court of appeals *or* acquired actual knowledge of the judgment or order[1] <u>and</u> that the motion must be filed within the required 90 days of the date of the decision of the court of appeals;

---

[1] *See Simon v. Dillard's, Inc.*, 86 S.W.3d 798, 800 (Tex. App.—Houston [1st Dist.] 2002, no pet.); *see also Roy W. McDonald, Elaine A. Grafton Carlson*, MCDONALD & CARLSON TEXAS CIVIL PRACTICE § 12.6, "Effect of lack of notice or judgment or order" (2022).

3

even if that is sooner than 15 days of receiving notice or obtaining actual knowledge.[2]  This prevents the rule from being completely open-ended.

Consequently, a Rule 4.5 motion must satisfy all of subsection (b) in order for it to be timely filed.

Here, Moore's motion fails to do so.  Although Moore's motion was filed within 90 days of the date of this Court's judgment, it was filed over two months after the 15-day deadline had passed and is clearly untimely.  As a result, this Court lacks authority as a matter of law to make any disposition here under the auspices of Rule 4.5.  I therefore respectfully dissent and would deny Moore's motions in all things.

Terry Adams
Chief Justice

Panel consists of Chief Justice Adams and Justices Kelly and Goodman.

Chief Justice Adams, dissenting.

---

[2]  For example, if the "earliest date" that a party received notice *or* acquired actual knowledge of a judgment or order was the 80th day after the date of the judgment or order, the Rule 4.5 motion would have to be filed within 10 days, by the 90th day.  On the other hand, if that "earliest date" was more than 90 days after the date of the judgment, the rule would be inapplicable. *See Nawar v. Thompson*, No. 04-17-00217-CV, 2017 WL 3270342, at *1–2 (Tex. App.—San Antonio 2017, no pet.) (mem. op.) (citing *Levit v. Adams*, 850 S.W.2d 469, 470 (Tex. 1993) (construing substantially similar language in Texas Rule of Civil Procedure 306a(4) and Texas Rule of Appellate Procedure 4.2(a)(1)).