**Edith Carol PEAVY and O.L. Peavy, Individually and as Personal Representative of The Estate of Elizabeth Ann Peavy, Deceased, Appellant,**

v.

**TEXAS HOME MANAGEMENT, INC., Appellee.**

No. 01–97–01125–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 30, 2000.

W. Burl Brock, San Antonio, for Appellant.

Jay D. Hirsch, Fred L. Shuchart, Houston, for Appellee.

Panel consists of Justices WILSON, TAFT, and NUCHIA.

## O R D E R

PER CURIAM.

On February 25, 2000, appellee filed a motion for additional time to file a motion for rehearing, alleging that it received no notice of this Court's November 30, 1999 judgment until February 19, 2000. *See* TEX.R.APP. P. 4.5(b). The motion was signed by Jay D. Hirsch and verified by Thomas W. Long. Appellee does not explain who Long is or the basis of his knowledge.

Appellee's counsel from judgment day in this Court to the present are Fred L. Shuchart and Hirsch. On November 22, 1999, Hirsch filed a motion to designate himself as lead counsel, and we granted his motion on December 2, 2000. The Clerk's records reflect that notices in the appeal were and are sent to both Shuchart and Hirsch.

█ The relevant portion of the motion states:

Appellee would show that the earliest date when its attorney received or acquired actual notice that the judgment of the Appellate Court in this matter had been rendered was February 19, 2000 . . . . Appellee seeks additional time to File a Motion for Rehearing in this Honorable Court because it did not receive notice of this Honorable Court's decision until February 19, 2000.

The motion does not state that appellee and its counsel, Shuchart and Hirsch, did not—until after the time expired for filing the motion for rehearing, *i.e.,* December 16, 1999—(1) receive notice of the judgment from the Clerk of this Court [1] and (2) acquire actual knowledge of the rendition of the judgment. *See* TEX.R.APP. P. 4.5(a), 49.1. In short, the motion does not pro-

vide a factual basis on which we can grant the requested relief.

Appellants challenge appellee's motion and request that we deny relief. Based on the conclusory allegations in the motion, we could find that appellee has not demonstrated it is entitled to relief. In the spirit of fairness and equity, however, we will abate the appeal and remand the case to the trial court so it may hold an evidentiary hearing and make proposed findings of fact on when appellee and its counsel first (1) received notice of the November 30, 1999 appellate judgment from the Clerk of this Court or (2) acquired actual knowledge of the rendition of the appellate judgment. The trial court shall have a court reporter record the hearing. Appellee shall pay both the clerk and the court reporter for preparing the record of the hearing. A supplemental clerk's record containing the trial court's written proposed findings of fact and the reporter's record of the hearing shall be filed with the Clerk of this Court no later than 60 days from the date of this order.

█ The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket (1) when the supplemental clerk's record and the supplemental reporter's record are filed in this Court or (2) 61 days from the date of this order, whichever occurs first. If the appellee does not request a hearing in the trial court and work with the clerk and court reporter to ensure that the record is timely filed, we will deny appellee's motion for additional time. We will also consider an appropriate motion to reinstate the appeal filed by either party. If the supplemental clerk's record and the supplemental reporter's record are timely filed, we will review the record of the hearing and the trial court's proposed findings of fact

---

1. Under Rule 4.5, a party and its counsel must demonstrate that they did not *receive* notice of the appellate judgment until after the deadline for filing the document. It is insufficient for a party and its counsel to state that they were merely *unaware* of the notice's contents.

and make a final determination on appellee's motion.[2]

It is so **ordered**.

---

2. Although the courts of appeals normally cannot find facts, we are authorized to determine matters of fact that are necessary to the proper exercise of our jurisdiction. TEX. GOV'T CODE ANN. § 22.220(c) (Vernon 1988).