Edith Carol PEAVY and O.L. Peavy, Individually and as Personal Representative of the Estate of Elizabeth Ann Peavy, Deceased, Appellants,

v.

TEXAS HOME MANAGEMENT, INC., Appellee.

No. 01–97–01125–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 15, 2000.

W. Burl Brock, San Antonio, for appellant.

Jay D. Hirsch, The Hirsch Law Firm, Fred L. Shuchart, Hirsch, Sheiness, Scott, Houston, for appellee.

Panel consists of Justices WILSON, TAFT, and NUCHIA.

## ORDER

PER CURIAM.

On March 30, 2000, we abated this appeal and remanded the case to the trial court for it to hold an evidentiary hearing and to make proposed findings of fact on when appellee Texas Home Management, Inc. and its counsel first (1) received notice of the November 30, 1999 appellate judgment from the Clerk of this Court or (2) acquired actual knowledge of the rendition of the appellate judgment. *See Peavy v. Texas Home Management, Inc.,* 16 S.W.3d 104 (Tex.App.—Houston [1st Dist.], 2000 order). The trial court has held the hearing, and a supplemental clerk's record containing the trial court's written proposed findings of fact and the reporter's record of the hearing have been timely filed. *See generally* TEX. R. APP. P. 4.5(a) (procedure to obtain additional time to file motion for rehearing when party did not—until after time expired for filing motion for rehearing—either receive notice of appellate judgment from clerk or acquire actual knowledge of rendition of appellate judgment).

The trial court's proposed findings of fact follow:

1. Appellee, Texas Home Management, Inc. and its counsel first acquired actual knowledge on February 19, 2000 of the rendition of the Appellate Court Judgment on November 30, 1999 in Case No. 01–97–01125–CV, Peavy v. Texas Home Management, Inc. in the Court of Appeals for the First District of Texas;

2. The Appellee and its counsel never received notice of the November 30, 1999 judgment from the Clerk of the Court of Appeals for the First Judicial District of Texas;

3. At the time the Court of Appeals rendered its opinion, counsel for Appellee had its office located at 1001 McKinney, Suite 2000, Houston, TX 7700;

4. Counsel for Appellee filed a Motion to Designate Jay D. Hirsch as Lead Attorney before the Court of Appeals rendered its decision;

5. The Court of Appeals did not mail notice of its judgment to the 1001 McKinney, Suite 2000 address of Appellees counsel, Jay D. Hirsch;

6. Counsel for Appellee only received knowledge of the Court of Appeals Opinion February 19, 2000 when Jeffrey Shanbom, an attorney employed by Hirsch Robinson, P.C. inadvertently saw the opinion while doing research on West Law; and

7. At no time before February 19, 2000 did any attorney with Appellees office who served as lead counsel on appeal or who had responsibility for appellate matters have actual knowledge of the November opinion.

(Citations to reporter's record omitted). We have reviewed the reporter's record of the evidentiary hearing. At that hearing,

appellee called five witnesses, three of whom appellants chose to cross-examine.

We reinstate the appeal as of May 30, 2000 and adopt the trial court's proposed findings of fact. We find that the motion for additional time was timely filed and that appellee did not—within the time for filing a motion for rehearing—receive notice or have actual knowledge of this Court's November 30, 1999 judgment. Accordingly, we grant appellee's motion for additional time to file its motion for rehearing. *See* TEX. R. APP. P. 4.5(d). The motion for rehearing must be filed within 15 days after the date of this order. *See* TEX. R. APP. P. 4.5(d), 49.1.

It is so **ordered**.