--------------------------------------------------------------------------------

 NUMBER 13-12-00066-CR

 COURT OF APPEALS

 THIRTEENTH DISTRICT OF TEXAS

 CORPUS CHRISTI - EDINBURG 

OBED GONZALEZ, Appellant,

 v.

THE STATE OF TEXAS, Appellee.
 

 On appeal from the County Court at Law No. 5
 of Montgomery County, Texas.

 ORDER 

 Before Justices Garza, Benavides, and Perkes
 Order Per Curiam

On December 4, 2013, appellant filed a motion to extend time to file a motion for rehearing. Appellant seeks additional time to file a motion for rehearing because he claims he did not receive notice of this Court's October 24, 2013 judgment or acquire actual knowledge of the judgment until November 25, 2013. 
Texas Rule of Appellate Procedure 49.1 provides for the filing of a motion for rehearing within 15 days after a court of appeals' judgment or order is rendered. See Tex. R. App. P. 49.1. If a party seeks to file a late motion for rehearing on the ground that he did not receive notice of the judgment, he may move for additional time to file. See id. R. 4.5(a). However, he must demonstrate that he did not receive notice of the judgment or acquire acknowledge of its contents until after the deadline for filing the motion for rehearing. See id. R. 4.5(b); Peavy v. Texas Home Mgt., 16 S.W.3d 104, 105 (Tex.App.--Houston [1st Dist.] 2000, no pet.). The motion for extension of time must be filed within 15 days of the date the party received notice or acquired actual knowledge that judgment had been rendered. See id. 
The Clerk's records reflect that the judgment was sent to appellant's counsel. To be entitled to an extension of time to file his motion, appellant had to demonstrate that he did not receive notice or the judgment and was unaware of its contents. Given the conclusory nature of the motion and that it is not verified, there is no factual basis on which we can grant the requested relief. 
Accordingly, this appeal is abated and remanded to the trial court so it may hold an evidentiary hearing and make proposed findings of fact on when appellant and his counsel first (1) received notice of the October 24, 2013 appellate judgment from the Clerk of this Court or (2) acquired actual knowledge of the rendition of the appellate judgment. The trial court is directed to forward a supplemental clerk's record containing the trial court's findings of fact and the supplemental reporter's record, to this Court within thirty (30) days of the date of this order, or to notify this Court within such period indicating a date by which the trial court can comply.
PER CURIAM
Delivered and filed the
13th day of December, 2013.