**Concurrence in part and Dissent in part to Order issued January 18, 2024**



In The

# Court of Appeals

For The

# First District of Texas

———————————————

## NO. 01-22-00156-CV

———————————————

**DEMETRA MOORE, Appellant**

**V.**

**DARRELL GENE CARDER, Appellee**

---

**On Appeal from the 164th District Court**
**Harris County, Texas**
**Trial Court Case No. 2020-23143**

---

## CONCURRENCE IN PART AND DISSENT IN PART TO ORDER

Because I again disagree with how the majority interprets Texas Rule of Appellate Procedure 4.5, I must respectfully dissent. *See Moore v. Carder*, No. 01-22-00156-CV, 2023 WL 5923323, at *4 (Tex. App.—Houston [1st Dist.] Sept. 7, 2023, order) (Adams, C.J., dissenting). I would dismiss the motion for extension of

time for lack of jurisdiction and dismiss the motion to recall the mandate as moot. I agree with dismissing the motion for en banc reconsideration, but disagree with the path traveled to get here.

Rule 4.5—"*No Notice of Judgment or Order of Appellate Court; Effect on Time to File Certain Documents*"—provides that a party may obtain additional time to file a motion for rehearing or en banc reconsideration if either the party or the party's attorney first received notice or acquired actual knowledge of the appellate judgment after the prescribed time period. TEX. R. APP. P. 4.5 (a)–(b).

As a result, and as this Court has previously recognized, a motion invoking Rule 4.5 must show that the party or the party's attorney first (1) received notice of the underlying judgment from the court of appeals, *or* (2) acquired actual knowledge of the judgment, after the time expired for filing a motion for rehearing or en banc reconsideration. *See id.*; *Peavy v. Tex. Home Mgmt., Inc.*, 16 S.W.3d 104, 105 n.1 (Tex. App.—Houston [1st Dist.] 2000, no pet.).

Additionally, the motion must be filed within 15 days of "*the earliest date*" of these events—but in no event more than 90 days after the date of the judgment. TEX. R. APP. P. 4.5(b).

Here, this Court's judgment issued on April 27, 2023. Moore's deadline to file a motion for rehearing and/or en banc reconsideration was therefore May 12,

2023. *See* TEX. R. APP. P. 49.1, 49.5.  Moore did not file anything.  And the Court's mandate issued on July 7, 2023.

Ten days later, on July 17, 2023, Moore filed a motion seeking to invoke Rule 4.5.  The motion included the affidavit of Moore's attorney.  Moore asserted in the motion that "July 7, 2023 [is] the date on which [she] and her counsel received actual knowledge of the entry of this Court's judgment."  And, as the majority acknowledges, Moore's attorney admitted in his affidavit that he was provided with an email notice from this Court about the judgment on April 27, 2023—the day the judgment issued.[1]

Because Moore's attorney admitted that he received the email notice from the Court *before* the time expired for filing a motion for rehearing and/or en banc reconsideration, Rule 4.5 could not be triggered at all.[2]  The Court's plenary power then expired on June 26, 2023, without Moore filing anything. *See* TEX. R. APP. P. 19.1(a).

---

[1] Moore's attorney further stated he did not receive the notice contained *in the email* until much later (July 7, 2023)—because he "inadvertently overlooked" the email. An assertion of inadvertence, however, has no impact the operation of Rule 4.5. *See Peavy v. Tex. Home Mgmt., Inc.*, 16 S.W.3d 104, 105 n.1 (Tex. App.—Houston [1st Dist.] 2000, no pet.) ("Under Rule 4.5, a party and its counsel must demonstrate that they did not *receive* notice of the appellate judgment until after the deadline for filing the document.  It is insufficient for a party and its counsel to state that they were merely *unaware* of the notice's contents.").

[2] Moore's motion was silent about whether she received the notice of the judgment before she acquired actual knowledge of it.  But, as detailed, that makes no difference here.

3

Therefore, this Court lacked authority after June 26, 2023 to make any rulings in this case as a matter of law—except to dismiss for lack of jurisdiction. We now do that for the en banc motion, and I concur in that disposition. But because our plenary power expired months ago, I must dissent from the denial of the motions for extension of time and to recall the mandate. They likewise should be dismissed for lack of jurisdiction.

In that regard, the majority departs from the plain language of Rule 4.5. As referenced above, this Court has previously recognized that a motion under Rule 4.5 must show when the party *and* the party's attorney first received notice of the judgment from the appellate court *or* acquired actual knowledge of the judgment. *See Peavy*, 16 S.W.3d at 105.

The majority here now recasts Rule 4.5 to focus only on the party. According to the majority, the "dispositive issue under Rule 4.5 is whether and when [the] party received notice or acquired actual knowledge of [the] rendition of our judgment and that counsel's receipt of notice or acquisition of knowledge is relevant to [the] party's awareness, inasmuch as counsel is party's agent," citing *Moore*, 2023 WL 5923323, at *3 (emphasis added).

Under this rationale, any earlier notice or actual knowledge by the party's attorney will have no impact, or very little impact, on whether Rule 4.5 is invoked. This interpretation will cause much of the language in Rule 4.5 to have no meaning,

4

which courts are cautioned not to do. *See Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 579 (Tex. 2012) ("When construing rules of procedure, we apply the same rules of construction that govern the interpretation of statutes. We first look to the plain language of the rule and construe it according to its plain or literal meaning."); *see also Long v. Castle Tex. Prod. Ltd. P'ship.,* 426 S.W. 3d 73, 81 (Tex. 2014) ("[Courts] must interpret statutes and rules of procedure to give them effect.").

As support for its interpretation of Rule 4.5, the majority cites to *Nance v. Evandale Independent School District*, No. 09-05-00221-CV, 2005 WL 2271599, at *1–2 (Tex. App.—Beaumont Sept. 15, 2005, no pet.) (mem. op.), and includes the following parenthetical: "(noting that, among other reasons, party was not entitled to relief under trial-court rule, given that she only established when her lawyer first became aware of appellate judgment but made no showing as to her own notice or actual knowledge of judgment)."

In *Nance*, the appellant sought to invoke the trial court equivalent of appellate Rule 4.5, Texas Rule of Civil Procedure 306a.[3] Like appellate Rule 4.5(b), Rule 306a(5) states "the party adversely affected is required to prove . . . the date on which *the party or [her] attorney first either* received a notice of the judgment *or* acquired actual knowledge of the [judgment] and that this date was more than twenty

---

[3]     Texas Rule of Civil Procedure 306a has substantially similar language to Texas Rule of Appellate Procedure 4.5.

days after the judgment was signed." *Id*. at *1 (emphasis added) (quoting TEX. R. CIV. P. 306a(5)).

The appellant in *Nance* contended that Rule 306a could be triggered if *either* the party *or* the party's attorney did not receive the notice or acquire actual knowledge of a judgment within the specified time period. *Id.* The *Nance* court rejected that interpretation and explained that, "[u]nder the plain language of the rule, a party seeking a new judgment date must establish the *first occurring* of four possible events: (1) the party receives notice, (2) the party acquires knowledge, (3) counsel receives notice, and (4) counsel acquires knowledge." *Id.* (emphasis added). The same is true for Rule 4.5.

But the appellant in *Nance* only provided evidence showing that *her attorney* obtained notice and actual knowledge of the judgment past the specified time period. Stated differently, the appellant in *Nance* presented only favorable evidence (regarding her attorney) that would trigger the rule—she provided no evidence (regarding herself) that might show earlier dates and preclude operation of the rule. That failure led to dismissal of the appeal for want of jurisdiction. *Id*. at *2

Our Court faced a similar situation in *Peavy v. Texas Home Management, Inc*., where the appellee sought to invoke Rule 4.5. The appellee asserted that *its counsel* did not receive timely notice of our judgment, but made no showing of when it (the

party) obtained notice and actual knowledge of the judgment. *Peavy,* 16 S.W.3d at 105.

Stated differently, the appellee in *Peavy*, like the appellant in *Nance*, provided only favorable evidence (regarding its attorney) that would trigger Rule 4.5—the appellee provided no evidence (regarding itself) that might show earlier dates and preclude operation of the rule.[4]   Thus, neither *Nance* nor *Peavy* supports the proposition that "the dispositive issue under Rule 4.5 is whether and when [the] party received notice or acquired actual knowledge of rendition of our judgment."

Here, Moore also only provided evidence about when her attorney received notice from the Court about the judgment; but, in contrast to *Nance* and *Peavy*, that evidence was <u>unfavorable</u> to Moore and precluded the operation of Rule 4.5 as a matter of law.  Nothing could change that result here.

Accordingly, for these reasons, I concur with the majority's dismissal of Moore's motion for en banc reconsideration for lack of jurisdiction, but disagree with the majority's interpretation and application of Texas Rule of Appellate Procedure 4.5.  I therefore must further dissent from the majority's denial of Moore's

---

[4]   Instead of dismissing for lack of jurisdiction, the *Peavy* court remanded for a determination of when the appellee itself received notice and acquired actual knowledge of our judgment—and whether that date prevented Rule 4.5 from being triggered. *Id.*

7

motion to extend time and motion to recall the mandate, as these motions should also be dismissed for lack of jurisdiction.

/s/ Terry Adams
Terry Adams
Chief Justice

Panel consists of Chief Justice Adams and Justices Kelly and Goodman.

Chief Justice Adams, concurring in part and dissenting in part.