# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-25-00750-CV

---

**C. R. F., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

---

### FROM THE 155TH DISTRICT COURT OF FAYETTE COUNTY
### NO. 2024V-025, THE HONORABLE JEFF R. STEINHAUSER, JUDGE PRESIDING

---

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

After the Court issued its memorandum opinion and judgment in this case, C.R.F. filed a motion for rehearing asserting, for the first time, that the Court lacks subject-matter jurisdiction over this case and requesting that the case be dismissed for want of jurisdiction. C.R.F. challenges the trial court's finding, set forth in its Order of Termination, that "no other court had continuing, exclusive jurisdiction of this case." C.R.F. argues that there is no evidence in the record to support that finding and that there was evidence presented at trial suggesting that a court in New Mexico had issued a custody determination involving C.R.F.'s children. At trial, C.R.F. testified that she had been arrested in New Mexico for custodial interference. This evidence raises the possibility that a New Mexico court had previously made a custody determination involving at least one of C.R.F.'s children. If a New Mexico court had previously issued a custody determination involving C.R.F.'s children, the trial court could not have

modified the New Mexico court's child custody determination while exercising temporary emergency jurisdiction. *See Saavedra v. Schmidt*, 96 S.W.3d 533, 548-49 (Tex. App.—Austin 2002, no pet.) ("We reiterate that the trial court's assumption of temporary emergency jurisdiction does not include jurisdiction to modify the California court's child custody determination.").

In its original petition, the Texas Department of Family and Protective Services stated that, in accordance with Texas Family Code section 155.101, it would "request that the Vital Statistics Unit identify the court that last had continuing, exclusive jurisdiction, or confirm that the children have not been the subjects of a suit resulting in a court of continuing jurisdiction." *See* Tex. Fam. Code § 155.101(a) (requiring petitioner or court to request from vital statistics unit identification of court that last had continuing, exclusive jurisdiction of child); (b) (requiring vital statistic unit to identify court that last had continuing, exclusive jurisdiction of child or state that child has not been subject of suit). Although the trial court's Order of Termination includes a finding that "a request for identification of a court of continuing, exclusive jurisdiction has been made as required by Section 155.101," the record does not include a response to this request from the vital statistics unit.

We cannot discern from the evidence presented at trial or from the record whether a custody determination regarding C.R.F.'s children has been made by a court in New Mexico or whether a New Mexico court has continuing, exclusive jurisdiction over C.R.F.'s children. This unresolved fact may affect our subject-matter jurisdiction over this appeal. In similar instances, appellate courts have abated pending appeals and remanded unresolved jurisdictional fact questions to the trial court for resolution. *See State v. White*, 248 S.W.3d, 310, 314 (Tex. App.—Austin 2007, no pet.) (abating for findings of fact regarding date notice of appeal signed); *Peavy*

2

*v. Texas Home Mgmt., Inc.*, 16 S.W.3d 104, 105 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (abating for findings of fact on when counsel received notice of appellate judgment). Accordingly, we abate the appeal and remand the cause to the district court to take evidence and make written findings regarding the existence and nature of any prior suit involving custody issues related to C.R.F.'s children. A supplemental record containing the district court's written findings and a transcription of any hearing shall be filed in this Court no later than twenty days after the date of this opinion.

It is so ordered on June 17, 2026.


Before Chief Justice Byrne, Justices Crump and Ellis

Abated and Remanded

Filed:   June 17, 2026